IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 17-CR-00168-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KAREN LYNN MCCLAFLIN,

        Defendant.

_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE
FOR A PERSONAL MONEY JUDGMENT AGAINST DEFENDANT
KAREN LYNN MCCLAFLIN**

_____

COMES NOW the United States of America, by and through United States Attorney Robert C. Troyer and Assistant United States Attorney Laura B. Hurd, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, and moves this Court to enter, a Preliminary Order of Forfeiture for a Personal Money Judgment.

In support, the United States sets forth the following:

**I.      Procedural Background**

1.      On May 17, 2017, an Information was filed that charged defendant Karen Lynn McClaflin in Counts One and Two with violations of 18 U.S.C. § 1343 and 18 U.S.C. § 1957.  (Doc. 1).

2.      The Information also sought forfeiture in the form of a personal money judgment against defendant Karen Lynn McClaflin, pursuant to 18 U.S.C. §

1

981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c), in the amount of the proceeds obtained by the scheme and by the defendant.

3.      On June 21, 2017, the United States and defendant Karen Lynn McClaflin entered into a Plea Agreement in this case. (Doc. 11). The Plea Agreement provided that defendant would plead guilty to Counts One and Two of the Information.

4.      The defendant also agreed to the entry of a preliminary order of forfeiture for a personal money judgment. Specifically, the defendant agreed to a forfeiture money judgment in an amount up to $20,000,000.00.

5.      On December 1, 2017, the United States and the defendant filed a stipulation regarding loss and restitution. The stipulation stated that the government had calculated the restitution amount owed as $14,258.206.39.

## II.    Argument

6.      Pursuant to 18 U.S.C. § 982(a)(1), the Court shall order criminal forfeiture of property involved in the offense or any property traceable to 18 U.S.C. § 1957. In addition, 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), states that the Court shall order criminal forfeiture of all property constituting or derived from proceeds traceable to 18 U.S.C. § 1343.[1]

7.      Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture as soon as practicable

---

[1] Title 28, United States Code, section 2461(c) provides for the criminal forfeiture of any property that may be forfeited civilly. Title 18, United States Code, section 981(a)(1)(C) provides for the forfeiture of any property constituting or derived from proceeds traceable to a "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7). In turn, 18 U.S.C. § 1956(c)(7) includes any offense listed in 18 U.S.C. § 1961(1) as a "specified unlawful activity." Wire Fraud in violation of 18 U.S.C. § 1343 is listed in 18 U.S.C. § 1961.

after a plea of guilty.  When a personal money judgment is sought, "the court must determine the amount of money the defendant will be ordered to pay."  Fed. R. Crim. P. 32.2(b)(1)(A).  Once the property is determined to be subject to forfeiture, the Court "must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment."  Fed. R. Crim. P. 32.2(b)(2)(A).

8.     The Preliminary Order of Forfeiture should be entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant."  Fed. R. Crim. P. 32.2(b)(2)(B).

9.     As set forth in the Plea Agreement, the United States and defendant Karen Lynn McClaflin agree that up to $20,000,000.00 in proceeds were obtained through the scheme and by the defendant as a result of the commission of Counts One and Two, for which defendant Karen Lynn McClaflin has pleaded guilty.

10.     In addition, the United States has accounted for payments made to victims in this case and a total of $14,528,206.39 remains due and owing.  Therefore, although the United States could obtain the full amount of proceeds obtained by the defendant, in the interest of justice, it only seeks $14,528,206.39 in a forfeiture money judgment.

11.     Accordingly, a forfeiture money judgment in the amount of $14,528,206.39 should be entered against the defendant pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), and 28 U.S.C. § 2461(c).  In addition, any payments made to the victims by the appointed receiver will be credited towards the amount of the money judgment in this case.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture for a Personal Money Judgment tendered herewith, for the reasons set forth above.

DATED this 24th day of April 2018.

Respectfully submitted,

ROBERT C. TROYER
United States Attorney

By:     s/ Laura B. Hurd
Laura B. Hurd
Assistant U.S. Attorney
U.S. Attorney's Office
1225 Seventeenth Street, Ste. 700
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: laura.hurd@usdoj.gov
*Attorney for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April 2018, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all counsel of record.

s/ Jody Gladura
FSA Data Analyst
Office of the U.S. Attorney

4