IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 17-cr-00168-CMA-1

UNITED STATES OF AMERICA,

        Plaintiff.

v.

KAREN LYNN MCCLAFLIN,

        Defendant.

---

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL
AND FOR APPOINTMENT OF COUNSEL PURSUANT TO
THE CRIMINAL JUSTICE ACT 18 U.S.C. § 3006A**

---

      Defendant filed a Notice of Appeal on May 17, 2018. On May 22, 2018, Defendant, through retained counsel, filed a Motion to Proceed In Forma Pauperis and for Appointment of Counsel Pursuant to the Criminal Justice Act 18 U.S.C. § 3006A (ECF No. 45). In the motion, counsel states that he does not wish to represent Defendant on appeal, that Defendant is now indigent, and that Defendant qualifies for court appointed counsel for purposes of appeal. (*Id.*). Defendant also submitted a CJA 23 Financial Affidavit (ECF No. 46).

      On June 1, 2018, the Tenth Circuit Court of Appeals issued an Order stating that it will consider counsel's motion to withdraw after the district court decides whether Defendant is financially eligible for appointed counsel. (ECF No. 49).

      The Tenth Circuit has held that the standards of 28 U.S.C. § 1915 do not apply to motion sot proceed in forma pauperis, or for appointment of counsel, in direct criminal appeals. *United States v. Osuna*, 141 F.3d 1412, 1415 (10th Cir. 1999). Instead, the

fees and costs associated with a direct criminal appeal fall under the standards and procedures set forth under the Criminal Justice Act, 18 U.S.C. § 3006A. *Id.* at 1414. Section 3006A(c) provides that "[i]f at any stage of the proceedings, including an appeal, the United States magistrate judge or the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel as provided in subsection (b) and authorize payment as provided in subsection (d), as the interests of justice may dictate." Further, "[i]f a person for whom counsel is appointed under this section appeals to an appellate court or petitions for a writ of certiorari, he may do so without prepayment of fees and costs or security therefore and without filing the affidavit required by section 1915(a) of title 28." 18 U.S.C. § 3006A(d)(6).

The Court finds that Defendant's declarations in the Financial Affidavit demonstrate that she is financially unable to pay privately-retained counsel. Accordingly, it is

ORDERED that counsel is appointed to represent Defendant in her direct criminal appeal pursuant to 18 U.S.C. §3006A(b). It is

FURTHER ORDERED that the Motion to Proceed In Forma Pauperis and for Appointment of Counsel Pursuant to the Criminal Justice Act 18 U.S.C. § 3006A (ECF No. 45) is GRANTED.

DATED: June 5, 2018

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge