IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:17-cr-00168-CMA-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KAREN LYNN MCCLAFLIN

    Defendant.

## ORDER GRANTING STAY OF SELF-SURRENDER DATE

This matter is before the Court upon Defendant Karen McClaflin's request that the Court stay the date on which she must self-surrender to the Bureau of Prisons ("BOP") for medical reasons.

After the Court granted Defendant two stays of her self-surrender date, *see* (Doc. ## 56, 66), Defendant is presently required to self-surrender on January 18, 2019. *See* (Doc. ## 73, 82.) However, Defendant requests that the Court again stay the date of Defendant's self-surrender "for six to eight weeks" to allow medical providers to finish her current course of intravenous antibiotic treatment and determine its success at eradicating the deep tissue infection in her hip. *See* (Doc. # 83.) The Court heard testimony from two of Defendant's doctors, Dr. Todd Miner, her hip replacement specialist, and Dr. Peter Brookmeyer, her infectious disease specialist, at a hearing on January 14, 2019. *See* (Doc. # 81.) The Court considered a letter from the Regional

Medical Director of the COP's North Central Region, Dr. Paul Harvey, that addressed the BOP's capacity to care for Defendant's significant medical needs.  See (Doc. # 68-1.)

Also at the January 14, 2019, hearing, the Court raised its concern that it does not have authority to stay a defendant's date of self-surrender for medical reasons, citing *United States v. Connelly*, No. 3:16-cr-125, 2018 WL 6309052, *3 (D. Conn. Dec. 3, 2018), and *United States v. Bolton*, No. 2:16-CR-7-KS-MTP, 2017 WL 1652588, *5 (S.D. Miss. May 1, 2017).  See (Doc. # 81.)   The Court ordered the parties to submit simultaneous briefing on the Court's authority within two days.  (*Id.*)  The parties filed briefs on January 16, 2019.  (Doc. ## 83, 84.)

The Court remains concerned that it has no express authority to stay the date of a defendant's self-surrender for medical reasons for the reasons it identified at the hearing, *see Connelly*, 2018 WL 6309052 at *3; *Bolton*, 2017 WL 1652588 at *5, especially in light of the Government's persuasive citation to a recent unpublished opinion of the Court of Appeals for the Tenth Circuit suggesting that a district court may not have the authority to do so, *see* (Doc. # 84) (citing *United States v. Coddington*, No. 18-1470 (10th Cir. Jan. 4, 2019) (Doc. # 84-1)).

However, the Court credits Dr. Brookmeyer's testimony about Defendant's ongoing intravenous antibiotic treatment and Dr. Harvey's recommendation that Defendant "continue treatment for her infection . . . to allow sufficient time to eradicate the infection" (Doc. # 68-1).  The Government has also informed the Court "that the Bureau of Prisons would prefer some additional time to facilitate the smooth transition of

[Defendant's] medical care." (Doc. # 84-1.) The Court therefore exercises its equitable powers to stay the date on which Defendant must self-surrender for 60 days—until March 19, 2019.

For the foregoing reasons, the Court ORDERS:

1. Defendant's Motion for Reconsideration the Court's Order on Self-Surrender (Doc. # 83) is GRANTED;
2. Defendant's self-surrender date is STAYED for 60 days, until March 19, 2019;
3. The Court's January 16, 2019 Order concerning Defendant's self-surrender (Doc. # 82) is VACATED;
4. Defendant shall file a status report with the Court on February 15, 2019, and again on March 1, 2019, apprising the Court of the most recent results of Dr. Brookmeyer's blood tests on Defendant. The Court is particularly interested in how the biomarker for inflammation that Dr. Brookmeyer described at the January 14, 2019 hearing changes over time; and
5. Defense counsel and the Government shall work together to ensure that Defendant's most recent medical records are promptly disclosed to the BOP and that Defendant's medical providers are put in communication with the relevant medical providers at BOP.

DATED: January 16, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge