IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:17-cr-00168-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KAREN LYNN MCCLAFLIN,

    Defendant.

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

    This matter is before the Court on Defendant Karen McClaflin's Motion for Compassionate Release. (Doc. # 117.) The Probation Office and the Government filed Responses (Doc. ## 121, 122) to the Motion on June 15, 2020, and Ms. McClaflin filed a Reply (Doc. # 128) on July 3, 2020. For the following reasons, the Court denies the Motion.

## I.    BACKGROUND

    On June 21, 2017, Ms. McClaflin pled guilty to two counts stemming from her operation of a residential Ponzi scheme which defrauded investors of more than $14.5 million. At sentencing, this Court calculated the advisory sentencing guidelines at 135 to 168 months' imprisonment, applied a 6-level enhancement for substantial financial hardship to more than twenty-five victims, and ultimately determined that a downward variant sentence of 96 months was appropriate.

Notably, Ms. McClaflin has served only 13 months—or 14%—of her sentence. *See* (Doc. # 111) (Ms. McClaflin was required to report to FMC Carswell on June 11, 2019). Her current projected release date is April 3, 2026. (Doc. # 121 at 1.) In the instant Motion, Ms. McClaflin asserts that her underlying medical conditions and her risk of contracting the COVID-19 virus warrant her release from prison pursuant to 18 U.S.C. § 3582(c)(1)(A).

## II.  LEGAL STANDARD

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a defendant's sentence where "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In doing so, the Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A). "Application of the § 3553(a) factors requires an assessment of whether the relevant factors 'outweigh the "extraordinary and compelling reasons" warranting compassionate release . . . [and] whether compassionate release would undermine the goals of the original sentence.'" *United States v. Batista*, No. 19 Cr. 2 (JFK), 2020 WL 3249233, at *2 (S.D.N.Y. June 16, 2020) (quoting *United States v. Daugerdas*, No. 09 Cr. 581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020)).

The relevant policy statement issued by the U.S. Sentencing Commission pertaining to compassionate release is found in § 1B1.13 of the Sentencing Guidelines. Application Note 1 to § 1B1.13 describes four potentially extraordinary and compelling reasons for compassionate release: (1) the defendant has a terminal medical condition

2

or a serious health condition that substantially diminishes his ability to provide self-care; (2) the defendant is at least 65 years old and has served 75% of his sentence; (3) family circumstances; and (4) an extraordinary and compelling reason other than or in combination with one of the above. U.S. Sentencing Guidelines Manual § 1B1.13(1)(A) & cmt. n.1(A)–(D) (U.S. Sentencing Comm'n 2018). The defendant, however, must not be "a danger to the safety of any other person or to the community," *id.* § 1B1.13(2), and "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13 cmt. n.3.

### III.  ANALYSIS

Assuming, *arguendo*, that Ms. McClaflin's health issues and the COVID-19 pandemic constituted "extraordinary and compelling reasons" to reduce her sentence, application of the § 3553(a) sentencing factors outweighs any such reduction. Specifically, allowing Ms. McClaflin's to serve merely **14%** of a sentence that already constitutes a substantial downward variance from the applicable guideline range would not "reflect the seriousness of the offense, . . . promote respect for the law, [or] provide just punishment for the offense . . . ." 18 U.S.C. § 3553(a)(2)(A).

In reaching this conclusion, the Court is persuaded by the analysis of the Southern District of New York in its decision in *United States v. Israel*, No. 05 CR 1039 (CM), 2019 WL 6702522 (S.D.N.Y. Dec. 9, 2019). In that case, the court denied a white-collar defendant's motion for compassionate release, "notwithstanding his compromised medical condition or the undoubted fact that he could receive better medical care in the private sector." *Id.* at *9.

Like Ms. McClaflin, the defendant in *Israel* operated a Ponzi scheme that defrauded millions of dollars from innocent investors. He was sentenced to 20 years imprisonment and served 11 years—or **55%**—of his sentence when he requested compassionate release based on his deteriorating health. *Id.* at *1. The court reasoned that, even though the defendant presented a low risk of recidivism,

> cutting [his] sentence **in half**—which is what he requests—would undermine the goals of sentencing set forth at . . . § 3553(a). In particular, reducing [his] sentence would not reflect the seriousness of his crimes, provide just punishment, or promote respect for the law."
>
> * * *
>
> Adjusting Israel's sentence downward on "compassionate" grounds, despite the seriousness of his crime and the amount of his fraud . . . does nothing to promote respect for the law. It simply reinforces the belief that there is one law for the white-collar criminal and another law altogether for the ghetto dweller or the drug dealer.

*Id.* at *9, 10 (emphasis added).

The Southern District's reasoning applies with additional force in this case, as the accommodation Ms. McClaflin requests would constitute a reduction in her sentence by over **85%**. Such a reduction would not only fail to promote respect for the law—it would make a mockery of it.

## IV.   CONCLUSION

Based on the foregoing, Defendant Karen McClaflin's Motion for Compassionate Relief (Doc. # 117) is DENIED.

DATED: July 20, 2020                    BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge