IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 1:17-cr-00168-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KAREN LYNN MCCLAFLIN,

    Defendant.

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Karen McClaflin's Motion for Compassionate Release. (Doc. # 117.) The Probation Office and the Government filed Responses (Doc. ## 121, 122) to the Motion on June 15, 2020, and Ms. McClaflin filed a Reply (Doc. # 128) on July 3, 2020. For the following reasons, the Court denies the Motion.

**I.**    **BACKGROUND**

On June 21, 2017, Ms. McClaflin pled guilty to two counts stemming from her operation of a residential Ponzi scheme which defrauded investors of more than $14.5 million. At sentencing, this Court calculated the advisory sentencing guidelines at 135 to 168 months' imprisonment, applied a 6-level enhancement for substantial financial hardship to more than twenty-five victims, and ultimately determined that a downward variant sentence of 96 months was appropriate.

Notably, Ms. McClaflin has served only 13 months—or 14%—of her sentence. *See* (Doc. # 111) (Ms. McClaflin was required to report to FMC Carswell on June 11, 2019). Her current projected release date is April 3, 2026. (Doc. # 121 at 1.) In the instant Motion, Ms. McClaflin asserts that her underlying medical conditions and her risk of contracting the COVID-19 virus warrant her release from prison pursuant to 18 U.S.C. § 3582(c)(1)(A).

## II.     LEGAL STANDARD

18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a defendant's sentence where "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In doing so, the Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A). "Application of the § 3553(a) factors requires an assessment of whether the relevant factors 'outweigh the "extraordinary and compelling reasons" warranting compassionate release . . . [and] whether compassionate release would undermine the goals of the original sentence.'" *United States v. Batista*, No. 19 Cr. 2 (JFK), 2020 WL 3249233, at *2 (S.D.N.Y. June 16, 2020) (quoting *United States v. Daugerdas*, No. 09 Cr. 581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020)).

The relevant policy statement issued by the U.S. Sentencing Commission pertaining to compassionate release is found in § 1B1.13 of the Sentencing Guidelines. Application Note 1 to § 1B1.13 describes four potentially extraordinary and compelling reasons for compassionate release: (1) the defendant has a terminal medical condition

2

or a serious health condition that substantially diminishes his ability to provide self-care; (2) the defendant is at least 65 years old and has served 75% of his sentence; (3) family circumstances; and (4) an extraordinary and compelling reason other than or in combination with one of the above. U.S. Sentencing Guidelines Manual § 1B1.13(1)(A) & cmt. n.1(A)–(D) (U.S. Sentencing Comm'n 2018). The defendant, however, must not be "a danger to the safety of any other person or to the community," *id.* § 1B1.13(2), and "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason," 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13 cmt. n.3.

### III.   ANALYSIS

Assuming, *arguendo*, that Ms. McClaflin's health issues and the COVID-19 pandemic constituted "extraordinary and compelling reasons" to reduce her sentence, application of the § 3553(a) sentencing factors outweighs any such reduction. Specifically, allowing Ms. McClaflin's to serve merely **14%** of a sentence that already constitutes a substantial downward variance from the applicable guideline range would not "reflect the seriousness of the offense, . . . promote respect for the law, [or] provide just punishment for the offense . . . ." 18 U.S.C. § 3553(a)(2)(A).

In reaching this conclusion, the Court is persuaded by the analysis of the Southern District of New York in its decision in *United States v. Israel*, No. 05 CR 1039 (CM), 2019 WL 6702522 (S.D.N.Y. Dec. 9, 2019). In that case, the court denied a white-collar defendant's motion for compassionate release, "notwithstanding his compromised medical condition or the undoubted fact that he could receive better medical care in the private sector." *Id.* at *9.

Like Ms. McClaflin, the defendant in *Israel* operated a Ponzi scheme that defrauded millions of dollars from innocent investors. He was sentenced to 20 years imprisonment and served 11 years—or **55%**—of his sentence when he requested compassionate release based on his deteriorating health. *Id.* at *1. The court reasoned that, even though the defendant presented a low risk of recidivism,

> cutting [his] sentence **in half**—which is what he requests—would undermine the goals of sentencing set forth at . . . § 3553(a). In particular, reducing [his] sentence would not reflect the seriousness of his crimes, provide just punishment, or promote respect for the law."
>
> * * *
>
> Adjusting Israel's sentence downward on "compassionate" grounds, despite the seriousness of his crime and the amount of his fraud . . . does nothing to promote respect for the law. It simply reinforces the belief that there is one law for the white-collar criminal and another law altogether for the ghetto dweller or the drug dealer.

*Id.* at *9, 10 (emphasis added).

The Southern District's reasoning applies with additional force in this case, as the accommodation Ms. McClaflin requests would constitute a reduction in her sentence by over **85%**. Such a reduction would not only fail to promote respect for the law—it would make a mockery of it.

### IV.   CONCLUSION

Based on the foregoing, Defendant Karen McClaflin's Motion for Compassionate Relief (Doc. # 117) is DENIED.

DATED: July 20, 2020          BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 17-cr-00168-CMA-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KAREN LYNN McCLAFLIN,
    Defendants.

_____

**NOTICE OF APPEAL**
_____

Notice is hereby given that Karen Lynn McClaflin, defendant in the above captioned case, appeals to the Tenth Circuit Court of Appeals from the Order Denying Motion For Compassionate Release entered on July 20, 2020 as Docket No. 129.

DATED: July 24, 2020.        Respectfully submitted,

                        NATHAN D. CHAMBERS LLC
                        By:   s/Nathan D. Chambers
                        Nathan D. Chambers
                        303 16th Street, Suite 200
                        Denver, Colorado 80202
                        (303) 825-2222

-2-

CERTIFICATE OF SERVICE

     I hereby certify that on July 24, 2020, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to counsel of record.

     By:   s/Nathan D. Chambers
     Nathan D. Chambers
     303 16th Street, Suite 200
     Denver, Colorado 80202
     (303) 825-2222

-2-