# UNITED STATES DISTRICT COURT

| | |
|---|---|
| United States of America<br>    Plaintiff-Appellee, | District Court No. 17-cr-00168-CMA |
| v. | Court of Appeals No. 20-1268 |
| Karen Lynn McClaflin<br>    Defendant-Appellant. | |

**NOTE: THIS DESIGNATION FORM MUST BE COMPLETED AND FILED IN ACCORDANCE WITH THE INSTRUCTIONS ON THE REVERSE SIDE OF THE FORM.**

    Those original papers which have been designated by circling their respective docket numbers (or dates of entry) on the attached copy of the district court's docket sheets should be included in the record on appeal prepared by the clerk of the district court and transmitted to the clerk of the court of appeals.  (If the district court clerk so elects, original papers may be retained in the district court and copies thereof may be included in the record on appeal.)
    The following items should also be included in the record on appeal.  (Portions of transcripts should be designated by hearing dates and page numbers.)

1. NONE. NO TRANSCRIPTS ORDERED.

                                                        Signature: s/Nathan Chambers

                                                        Counsel for: Appellant – Karen McClaflin

I hereby certify that a copy of this designation, with docket sheets attached, was served on opposing counsel and filed with the clerk of the court of appeals on July 27, 2020.

Signature: s/Nathan Chambers

# **INSTRUCTIONS**

If appellant is represented by court-appointed counsel, or is represented by retained counsel, but a co-defendant who appeals is represented by court-appointed counsel, appellant's counsel must designate the record on appeal by completing and filing this form with the clerk of the district court within 14 days after filing the notice of appeal. Copies must be served on all parties to the appeal and a copy must be filed with the clerk of the court of appeals. Within 14 days after service of appellant's designation, appellee may file and serve an additional designation. Copies of the district court docket sheets must be attached to every copy of the designation filed or served.

Although nonessential parts of the district court record should not be designated for inclusion in the record on appeal, it is counsel's responsibility to see that the record on appeal is sufficient for consideration and determination of the issues on appeal, and the court is under no obligation to remedy any failure of counsel to fulfill that responsibility.

**Every record on appeal must contain:** 1) the last amended complaint and answer, or the indictment or information and any superseding indictment or information; 2) the final pretrial order (if any); 3) the district court's (and bankruptcy court's or magistrate's) pertinent findings and conclusions, opinions, or orders, and, if the findings and conclusions were stated orally, a copy of the transcript pages where they appear; 4) the final judgment or order from which the appeal is taken; 5) all jury instructions when an instruction is an issue on appeal, along with proposed instructions which were refused; 6) the notice of appeal; and 7) the district court docket sheets.

The following additional items should be included in the record on appeal under the circumstances indicated: 1) when an appeal is based upon a challenge to the admission or exclusion of evidence, the giving or failure to give a jury instruction, or any other ruling or order, a copy of the pages of reporter's transcript at which the evidence, offer of proof, instruction, ruling, or order and any necessary objection are reproduced; 2) copies of key trial exhibits if the appeal requires an analysis of those exhibits (exhibits withdrawn from the district court should not be designated, but may be included in an addendum to the party's appellate brief); 3) relevant portions of briefs, memoranda, affidavits and depositions filed in support of, or in opposition to, a substantive motion--such as a motion for summary judgment, motion to dismiss, or jurisdictional motion, when the appeal is from an order granting or denying the motion; 4) other items, including excerpts of transcripts, if expressly referred to in the brief and relevant to an issue raised on appeal.